UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

GREGORY J. DAILY,　　　　　　　　　　　　　　Case No. 16-20766-dob
　　　Debtor.　　　　　　　　　　　　　　　　　Chapter 12 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S OBJECTION TO
AMENDED PROOF OF CLAIM OF BAY PORT STATE BANK

Introduction

The Debtor, Gregory Daily, objects to the Amended Proof of Claim of Bay Port State Bank ("BPSB") because he thinks the amount should be $1,047,038.00 as of April 1, 2016, instead of $1,099,416.85 as of August 2, 2016, as stated by BPSB. The Court directed the Debtor to provide his method of calculating the amount owed and the Debtor did so in his pleading filed with the Court on September 16, 2016, at Docket No. 124. The Court heard arguments on October 6, 2016, and took this matter under advisement.

Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

Findings of Fact

The Debtor has a series of five loans with BPSB secured by real and personal property of the Debtor and his parents, James and Beverly Daily.[1] The Debtor signed each note evidencing these debts, which contains the following language:

> COLLECTION COSTS AND ATTORNEY'S FEES: I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

BPSB declared all of these loans due on January 29, 2016, and started action in the 54th Circuit Court for the State of Michigan ("Tuscola County Action"). Per the Verified Complaint in the Tuscola County Action, BPSB was owed the following:

> 7. The balance due on each loan as of **JANUARY 20, 2016** is as follows:
>
> A. Loan No. 67415: $833,135.18, plus $132.0601 per day thereafter
> Interest rate: 6.15%
>
> B. Loan No. 67882: $152,036.06, plus $23.4072 per day thereafter
> Interest rate: 5.9%
>
> C. Loan No. 67939: $108,941.01, plus $15.6811 per day thereafter
> Interest rate: 5.5%
>
> D. Loan No. 67949: $157,901.17, plus $22.8664 per day thereafter
> Interest rate: 5.5%
>
> E. Loan No. 67995: $340,506.50, plus $60.1027 per day thereafter
> Interest rate: 6.75%

---

[1] James and Beverly Daily filed their own petition seeking relief under Chapter 12 of the United States Bankruptcy Code, but dismissed their case voluntarily. The Court's Opinion focuses on the amount owed by Gregory Daily to BPSB without any determination as to how much either James or Beverly Daily owe to BPSB.

After the Tuscola County Action was filed, the Debtor and his parents attempted to resolve their differences with BPSB. Part of their offer was to sell real estate that was mortgaged to BPSB and to tender the net proceeds, after closing costs, to BPSB. BPSB agreed to release a portion of its mortgage on the condition it receive all of the net proceeds. Neither party reduced their agreement to writing. The Debtor and his parents then entered into a purchase agreement to sell some of their real estate to Patrick Bell for $600,000.00, with $20,000.00 received as an earnest money deposit held by them.

A closing statement was prepared and conveyed to BPSB which disclosed the following disbursements:

|  | Debits | Credits |
|---|---|---|
| Contract Sales Price |  | $600,000.00 |
| Summer property tax prorations |  | $ 208.96 |
| Winter property tax prorations |  | $ 1,045.73 |
| Earnest money held by seller | $ 20,000.00 |  |
| Net proceeds to Bayport State Bank | $566,987.00 |  |
| Settlement or closing fee | $ 150.00 |  |
| Title insurance | $ 2,185.25 |  |
| City/county tax/stamps | $ 660.00 |  |
| State tax/stamps | $ 4,500.00 |  |
| Delinquent taxes | $ 1,169.95 |  |
| Delinquent taxes | $ 1,419.49 |  |
| Payoff Farmland Development rights to State of Michigan - Dept. of Agriculture | $ 4,183.00 |  |
| Sub-totals | $601,254.69 | $601,254.69 |
| Balance Due From Seller |  | $ 0.00 |

BPSB's officers inquired of the $20,000.00 earnest money deposit and were informed that the Debtor used that money to pay other creditors, even though the closing had not occurred. Although closing was scheduled after April 1, 2016, BPSB refused to attend because it decided that the agreement it made with the Debtor and his parents was breached in that BPSB would not receive the $20,000.00 earnest money deposit. The other parties to the transaction closed, however, and

3

$566,987.00 was available to BPSB when it provided the requisite partial release of mortgage. BPSB refused to accept any amount less than the net proceeds of the sale.

On April 26, 2016, the Debtor filed his Chapter 12 petition. BPSB filed a Proof of Claim on May 12, 2016, and detailed the amounts owed to it by the Debtor as:

    Statement for Loan Number 67415
      Original Principal:                           $911,000.00
      Interest Rate:                                  6.15% per annum
      Principal as of 12/31/2014:             $783,771.76
      Interest to Petition Date (4/26/2016):  $61,621.66
      Late Charges:                                $2,000.00
      Total Amount Due as of 4/26/2016:    $854,924.95
    Interest, late fees, attorney fees and other expenses of collection are accruing.

    Statement for Loan Number 67882
      Original Principal:                           $150,000.00
      Interest Rate:                                  5.9% per annum
      Principal as of 3/31/2015:              $144,807.52
      Interest to Petition Date (4/26/2016):  $9,222.45
      Late Charges:                                $1,046.88
      Total Amount Due as of 4/26/2016:    $155,076.85
    Interest, late fees, attorney fees and other expenses of collection are accruing.

    Statement for Loan Number 67939
      Original Principal:                           $126,000.00
      Interest Rate:                                  5.5% per annum
      Principal as of 3/14/2015:              $104,066.03
      Interest to Petition Date (4/26/2016):  $5,880.44
      Late Charges:                                $1,000.00
      Total Amount Due as of 4/26/2016:    $111,244.41
    Interest, late fees, attorney fees and other expenses of collection are accruing.

    Statement for Loan Number 67949
      Original Principal:                           $165,000.00
      Interest Rate:                                  5.5% per annum
      Principal as of 5/15/2015:              $151,750.10
      Interest to Petition Date (4/26/2016):  $8,346.25
      Late Charges:                                $0.00
      Total Amount Due as of 4/26/2016:    $160,530.81
    Interest, late fees, attorney fees and other expenses of collection are accruing.

    Statement for Loan Number 67995

Original Principal: $325,000.00
Interest Rate: 6.75% per annum
Principal as of 5/08/2015: $325,000.00
Interest to Petition Date (4/26/2016): $21,276.36
Late Charges: $0.00
Total Amount Due as of 4/26/2016: $347,418.31
Interest, late fees, attorney fees and other expenses of collection are accruing.

Afterward, BPSB exchanged a partial release of mortgage for the $566,987.00 held in escrow. BPSB then amended its Proof of Claim on August 5, 2016, to report the status of the notes as:

Statement for Loan Number 67415
Original Principal: $911,000.00
Interest Rate: 6.15% per annum
Principal as of 6/1/2016: $720,752.44
Accrued Interest to 8/2/2016: $71,506.89
Late Charges: $2,000.00
Accrued Attorney Fees: $14,715.37
Total Amount Due as of 8/2/2016: $808,974.70
Interest, late fees, attorney fees and other expenses of collection are accruing.

Statement for Loan Number 67882
Original Principal: $150,000.00
Interest Rate: 5.9% per annum
Principal as of 6/1/2016: $130,058.61
Accrued Interest to 8/2/2016: $10,942.44
Late Charges: $1,046.88
Total Amount Due as of 8/2/2016: $142,047.93
Interest, late fees, attorney fees and other expenses of collection are accruing.

Statement for Loan Number 67939 - Paid in full from sale of collateral 5/31/2016

Statement for Loan Number 67949
Original Principal: $165,000.00
Interest Rate: 5.5% per annum
Principal as of 6/1/2016: $137,422.37
Accrued Interest to 8/2/2016: $10,471.85
Late Charges: $500.00
Total Amount Due as of 8/2/2016: $148,394.22
Interest, late fees, attorney fees and other expenses of collection are accruing.

Statement for Loan Number 67995 - Paid in full from sale of collateral 5/31/2016
Being unsatisfied with the application of the $566,987.00 and the imposition of costs and

5

attorney fees, the Debtor objected and offered the following statement of amounts owed:

| NOTE | AMOUNT | INTEREST PER DAY FOR 71 DAYS | DUE APRIL 1, 2016 |
|---|---|---|---|
| A | $833,135.11 | $132.061 x 71 = $9,376.27 | $844,511.38 |
| B | $152,036.06 | $23.4072 x 71 = $1,661.91 | $153,697.97 |
| C | $108,941.01 | $15.6811 x 71 = $1,113.36 | $110,054.37 |
| D | $157,901.17 | $22.8664 x 71 = $1,623.51 | $159,524.68 |
| E | $340,506.50 | $60.1027 x 71 = $4,267.29 | $344,773.79 |

By way of additional explanation, the Debtor seeks to have the Court determine that the $566,987.00 should be applied as if paid on April 1, 2016. The Debtor agrees Notes C and E would be paid in full, but wishes to apply the remaining $112,158.84 to Note A in the amount of $76,511.38; to Note B in the amount of $15,063.91, with the remaining $20,583.59 applied to Note D. Using the Debtor's method, the balance of Notes A, B, and D would be $768,000.00, $138,634.00, and $138,941.09, respectively.

BPSB objects to the Debtor's treatment, pointing out that the Debtor has not directed the Court to any contractual, statutory, or case law authority requiring BPSB to accept any amount less than the full net proceeds from the sale of the real estate and that it has calculated the amounts owed as required by its loan documents and the direction of its regulators, who informed BPSB that monies left after paying Notes C and E were to be applied to principal, not outstanding and unpaid interest.

Applicable Statute

6

11 U.S.C. § 506(b) provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

<u>Analysis</u>

The Court first addresses the Debtor's argument that BPSB should have accepted the $566,987.00 on April 1, 2016, and then calculated the amount owed on each note after payment was received on May 31, 2016.

The Debtor does not cite any contractual, statutory, or persuasive case law authority requiring a secured creditor to accept partial payment in a situation as in the instant case; nor can the Court find such authority. Neither party reduced their oral argument, if any existed, to writing and the Court cannot fashion an enforceable agreement from the statements of counsel. While the Debtor makes a good common sense argument that BPSB caused additional interest to accrue from April 1, 2016, through May 31, 2016, by leaving $566,987.00 on the closing room table, the Debtor gave BPSB ample reason to do so by taking the $20,000.00 earnest money deposit before closing and paying other creditors. These other creditors may appreciate the payment by the Debtor, but it was done so at the expense of BPSB without any justifiable reason. Even conceding that many secured creditors would have taken the $566,987.00 in readily available funds on April 1, 2016, the Debtor's actions certainly gave BPSB pause and excused it from being estopped from applying the funds on May 31, 2016, instead of the closing date of April 1, 2016.

After overruling the Debtor's objections regarding the April 1, 2016, payment date, the remaining issues appear mathematical, with a coda about attorney fees and costs.

7

From the record before the Court, it appears the following was owed by the Debtor to BPSB on May 31, 2016:

| Note | Amount as of 01/20/16 | Per Diem | Interest - 01/20/16-05/31/16 (132 days) | Amount as of 05/31/16 | Late Charges | Total |
|---|---|---|---|---|---|---|
| A | $833,135.11 | $132.061 | $17,432.05 | $850,567.16 | $2,000.00 | $852,567.16 |
| B | $152,036.22 | $23.4072 | $3,089.75 | $155,125.97 | $1,046.88 | $156,172.85 |
| C | $108,941.07 | $15.6811 | $2,069.91 | $111,010.98 | $1,000.00 | $112,010.98 |
| D | $157,901.17 | $22.8664 | $3,018.36 | $160,919.53 | $0 | $160,919.53 |
| E | $340,506.50 | $60.1027 | $7,933.56 | $348,440.06 | $0 | $348,440.06 |

On May 31, 2016, BPSB received the $566,987.00 and applied those funds to pay Notes C and E, leaving $106,535.96 to apply to the other notes ($566,987.00 - $112,010.98 - $348,440.06). By comparing the original Proof of Claim with the amended Proof of Claim of BPSB, it appears that the principal of the remaining notes was reduced by $92,095.90, but the Court is unable at this time to determine if the amended Proof of Claim is completely accurate because of the substantial post-petition payment made by the Debtor.

While the Court cannot determine with complete accuracy the amount of BPSB's claim, it can overrule the Debtor's objection as to the timing and application of payments. Also, to the extent the Debtor objects to the addition of the attorney fees and costs of BPSB, the Court overrules the Debtor's objection because each note contains language allowing the recovery of attorney fees and costs. Moreover, as the Debtor concedes, BPSB is oversecured, and 11 U.S.C. § 506(b) allows for the recovery of such fees and costs. *See also Fleet Business Credit v. Krapohl Ford Lincoln Mercury Co.*, 274 Mich. App. 584, 589, 735 N.W.2d 644 (2007) (quoting *Central Transport, Inc. v. Fruehauf*

*Corp.*, 139 Mich. App. 536, 548, 362 N.W.2d 823 (1984) ("Contractual provisions for payment of reasonable attorney fees are judicially enforceable.").

To summarize, the Debtor's Objections regarding the application of sale proceeds on April 1, 2016, and the assessment of attorney fees are overruled. The Debtor is allowed until November 25, 2016, to amend his Objection to the Amended Proof of Claim of BPSB if a mathematical error exists in that claim.

**Signed on October 25, 2016**

                                                      **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**